JAQUES *v.* BENTON.

A hearing before the fence-viewers of L., in reference to a division fence on the line between the towns of L. and N., may lawfully be had in the town of N.

ASSUMPSIT, to recover under the statute double the cost of building a division fence, and the fees of the fence-viewers. Facts found by the court. The division fence in question is on the line between Lancaster and Northumberland. The plaintiff living in Northumberland and the defendant in Lancaster, the fence-viewers of the latter town were called out; and they notified the defendant of hearings at the plaintiff's house in Northumberland, about twenty rods from the fence. The defendant moved for a nonsuit on the ground that the fence-viewers of Lancaster had no jurisdiction outside of Lancaster. The motion was overruled, and the defendant excepted.

*Drew, Jordan & Carpenter* and *W. & H. Heywood*, for the defendant.

*D. C. Pinkham* and *Ladd & Fletcher*, for the plaintiff.

BLODGETT, J. Chapter 142 of Gen. Laws, in relation to partition fences, enacts (s. 18) that "If the fence in controversy is situate on the line of two towns, the application shall be made to the fence-viewers of the town in which the parties reside; if they reside in different towns, to the fence-viewers of that town in which the applicant does not reside;" and also (s. 15) that "The fence-viewers shall be paid each two dollars per day for his services by the party making the application, who may recover one half thereof of the other party, unless the fence-viewers otherwise apportion the costs; but in case of neglect by such other party to make or repair the part of the fence which he is bound to maintain, the whole costs may be recovered of him."

The facts before us bring this case directly within the statute provisions; and we see no reason, nor has any been assigned, why the judgment ordered at the trial term was not correct.

*Exceptions overruled.*

SMITH J., did not sit: the others concurred.